### UNITED STATES of America
### v.
### William RICKENBACKER, Defendant.

United States District Court
S. D. New York.
May 3, 1961.

**486**

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for plaintiff, Gerald Walpin, Asst. U. S. Atty., New York City, of counsel.

Maclay, Morgan & Williams, New York City, for defendant, C. Dickerman Williams, New York City, of counsel.

METZNER, District Judge.

■ Defendant has been indicted for violation of Title 13 U.S.C. § 221, for having failed to answer a certain questionnaire propounded to him in connection with the recent census. Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, 18 U.S.C., he desires to take the deposition of Robert W. Burgess, who was director of the Bureau of the Census at the time the census was taken. Defendant claims that this depo-

sition is necessary in order to properly prepare his papers for a motion to dismiss the indictment under Rule 12(b) of the Federal Rules of Criminal Procedure.

Rule 15 provides that the deposition of a prospective witness whose testimony is material and necessary may be taken if it is shown that the witness is unable to attend or may be prevented from attending a trial or hearing. No such showing is made by the defendant. He claims that Burgess is a hostile witness, but that fact does not warrant the relief sought.

Rule 12(b) (4) contemplates the possibility of a hearing on a motion to dismiss an indictment if an issue of fact must be determined in order to dispose of the motion. The pertinent provision reads as follows:

"An issue of fact shall be tried by a jury if a jury trial is required under the Constitution or an act of Congress. All other issues of fact shall be determined by the court with or without a jury or on affidavits or in such other manner as the court may direct."

■ A subpoena for the attendance of the prospective witness at such a hearing is available to this defendant under Rule 17.

Consequently, the proper procedure for the defendant to follow in this case is to make his motion to dismiss the indictment, request a hearing on his motion and issue a subpoena to Burgess to appear on the date fixed by the court.

Motion denied. So ordered.